## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Quinton Lee Smithers

August 10, 1995

Case No. F-95-1959

BY JUDGE DONALD W. LEMONS

On March 2, 1995, Officer James Hannah stopped an automobile driven by Quinton Lee Smithers because a passenger was known by police to be wanted on outstanding warrants. There was no other reason for the stop of the automobile. The defendant had not committed traffic offenses and the officers involved acknowledge that there was no reasonable articulable suspicion of criminal activity on the part of the defendant prior to the stop.

Officer Broadnax approached the stopped automobile on the passenger side and Officer Hannah approached on the driver's side. Officer Hannah asked Smithers for his driver's license and the defendant handed him a license. At that time a struggle ensued on the passenger side of the automobile and Officer Hannah quickly put the defendant's license in his shirt pocket and proceeded to assist Officer Broadnax in subduing the passenger.

After the passenger was under control, Officer Hannah returned to Smithers, who had not left the scene nor had he attempted to aid the passenger or interfere in his arrest. Upon checking the validity of the driver's license, it was discovered that the license was suspended. Smithers was confronted by the officer and then denied that he was the person identified on the license he had produced to the officer. He was placed under arrest for displaying or representing as his own a driver's license not issued to him in violation of § 46.2-346. A search incident to arrest re-

sulted in the discovery of heroin. Additionally, Smithers was charged with possession of heroin with intent to distribute and driving on a suspended license after three prior convictions for the same offense.

At no time prior to his arrest was he patted down for weapons. The officer's could point to no activity of the defendant that gave them concern for their safety.

The defendant has filed a Motion to Suppress the fruits of the alleged unlawful seizure of the defendant. The Court heard evidence on July 24, 1995, and has considered and reviewed the arguments and briefs of counsel.

On a Motion to Suppress, the defendant bears the burden of going forward with the evidence in support of his motion and bears the burden of proof for showing a warrantless search or seizure and for establishing the defendant's legitimate expectation of privacy. *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982); *Commonwealth v. Ealy*, 12 Va. App. 744, 751 (1991). However, the Commonwealth retains the burden of proof by a preponderance of the evidence that the search or seizure satisfies some recognized exception to the warrant requirement of the Fourth Amendment to the United States Constitution. *Ealy, Id.*

> Well established Fourth Amendment jurisprudence has placed police-citizen confrontations into three categories. First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the Fourth Amendment. Second, there are brief investigatory stops which must be based on specific and articulable facts which, taken together with rational inferences from these facts, reasonably warrant a limited intrusion. Third, there are highly intrusive, full-scale arrests, which must be based on probable cause.

*Iglesias* v. *Commonwealth*, 7 Va. App. 93, 99 (1988).

There is no element of consent in the stop and seizure of the defendant in this case. The stop was accomplished by the activation of police lights and, while wearing a badge of authority after the stop, the demand for the driver to produce a license was made pursuant to statutory authority in § 46.2-104 which provides in part:

> The owner or operator of any motor vehicle, trailer, or semi-trailer shall stop on the signal of any law-enforcement officer who is in uniform or shows his badge or other sign of authority and shall, on the officer's request exhibit his registration card,

driver's license, learner's permit, or temporary driver's permit and write his name in the presence of the officer, if so required, for the purpose of establishing his identity.

Section 46.2-104 does not permit an unjustified stop of the vehicle; however, if lawfully stopped it does provide for the demand to produce a driver's license.

In this case the officers had information that the passenger had outstanding warrants for his arrest. Clearly, the stop of the vehicle was proper. As the Virginia Supreme Court has noted:

Basically, law enforcement personnel may not stop motorists in a wholly random and discretionary manner unless there is, at least, articulable and reasonable suspicion either that the operator is unlicensed, the vehicle is unregistered, *or the operator or other occupant is subject to seizure for violation of the law.*

*Lowe* v. *Commonwealth*, 230 Va. 346, 349 (1985) (emphasis added).

Smithers does not contest that the stop was lawful; rather, he maintains that the demand for production of a driver's license was an additional "seizure" that was not supported by reasonable articulable suspicion of criminal activity on the part of the defendant to justify the intrusion. The record shows no basis for the officers to suspect that Smithers was or had been committing a crime. Additionally, the record does not support a claim of concern for safety that would justify additional intrusion. The officers did not deem the circumstances sufficient to conduct a pat down search for weapons and they conceded that there was no reasonable basis to suspect that the defendant had a weapon.

The Commonwealth asserts that after a lawful stop the officers have the right to demand of the driver that he produce his drivers license and that this right is provided by statute and is not constitutionally impermissible.

The Court of Appeals has confirmed that:

When the police stop a vehicle and detain its occupants, the action constitutes a "seizure" of the person for fourth amendment purposes [citations omitted]. If the stop of the vehicle is without a warrant, the Commonwealth has the burden to prove the stop was legal. [Citations omitted] . . . . However, if an officer has an "articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure

for violation of the law," the officer may conduct an investigatory stop of the vehicle *limited in time and scope to ascertaining whether the suspicions are accurate.*

*Murphy* v. *Commonwealth*, 9 Va. App. 139, 143 (1989) (emphasis added).

The defendant maintains that the demand for a driver's license goes beyond the scope of ascertaining whether the suspicions are accurate with regard to the passenger. Such a demand is a "seizure." *Brown v. Texas*, 443 U.S. 47 (1979); *Brown v. Commonwealth*, 17 Va. App. 694, 697 (1994). Such a demand appears to be beyond the scope of what would be necessary to ascertain the *bona fides* of suspicion focused upon the passenger. Consequently, the Commonwealth must provide some independent basis for the legitimacy of this additional "seizure."

Smithers initially took the position that there can be no lawful demand by the police for identification of an individual absent reasonable articulable suspicion of criminal conduct. Such a position cannot be maintained in the face of cases allowing such a demand for identification when the police are conducting a lawful roadblock (*Lowe v. Commonwealth*, 230 Va. 346 (1985); *Simmons v. Commonwealth*, 238 Va. 200 (1989)) or when they are exercising their "community caretaker" function (*State v. Godwin*, 826 P.2d 452 (Idaho 1992); *State v. Ellenbecker*, 464 N.W. 2d 427 (Wisc. App. 1990)). The reason that roadblocks and "community caretaker" contacts with the public do not require reasonable articulable suspicion of criminal activity is because these "stops" do not involve "unconstrained exercise of discretion" that concerned the U.S. Supreme Court in *Delaware v. Prouse*, 440 U.S. 648 (1979). An additional "exception" to the general rule requiring reasonable articulable suspicion is precisely the circumstances in this case which were anticipated by the Court in *Prouse* when they said:

> Accordingly, we hold that *except* in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or *that either the vehicle or an occupant is otherwise subject to seizure for violation of law*, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment.

*Delaware v. Prouse*, 440 U.S. at 663 (emphasis added).

In this case the passenger was subject to seizure because of the outstanding warrants. The Court in *Prouse* specifically approves the constitutionality of the officer's demand for a driver's license. See also, *State v. Ellenbecker*, 464 N.W.2d 427 (Wisc. App. 1990); *State v. Godwin*, 826 P.2d 452 (Idaho 1992).

Defendants reliance on *Thompson v. Commonwealth*, 16 Va. App. 478 (1993), is inapposite simply because the stop in that case became unlawful when the officers discovered that the passenger was not the person they were seeking. The demand for a drivers license *after* knowledge that the supporting justification for the stop had evaporated was found by the Court to be improper.

The Commonwealth has met its burden of proving by preponderance of the evidence that the seizure of the defendant upon the stop of the automobile and the seizure of the defendant by the demand for a driver's license are permissible exceptions to the warrant requirement of the Fourth Amendment. Accordingly, the Defendant's Motion to Suppress is denied.